# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:06cr36-RH/WCS

GREGORY DIXON,

      Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS
## OR FOR BILL OF PARTICULARS

The offenses charged by the superseding indictment in this case against defendant Gregory Dixon include bribery (counts 9, 10, and 11) and conspiracy to commit bribery (count 1).[1]  The indictment charges that, in each instance, Mr. Dixon received or conspired to receive something of value in exchange for violating his official duty as a correctional officer, and cites the appropriate statute for bribery, 18 U.S.C. §201(b)(2).  Specifically, the superseding indictment

---

[1] Mr. Dixon is also charged with witness tampering (count 12), but this charge is not addressed by his motion.  The conspiracy charge (count 1) also includes conspiracies to commit offenses of mail fraud, witness tampering and interstate travel or transportation in aid of racketeering enterprises.

charges Mr. Dixon with seeking and receiving sexual favors in exchange for providing contraband and omitting to enforce federal statutes and Bureau of Prisons regulations, thus in violation of his duty.  Mr. Dixon argues that the indictment is deficient because it fails adequately to identify statutes, regulations, or orders which Mr. Dixon allegedly violated, particularly with regard to defining contraband.  Consequently, Mr. Dixon argues that the superseding indictment fails to put him on notice as to the accusations against him and does not state an offense.  He also argues that the statutory scheme is an unlawful delegation of authority to the warden.  For these reasons he claims that these charges should be dismissed.  In the alternative, Mr. Dixon moves for a bill of particulars.  I deny the motion to dismiss and deny the motion for a bill of particulars.

Federal Rule of Criminal Procedure 7(c)(1) requires that an "indictment . . . must be a plain, concise and definite written statement of the essential facts constituting the offense charged."  The rule also states that the "indictment . . . must [for each count] give the official or customary citation of the statute, rule, regulation or other provision of law that the defendant is alleged to have violated."[2]

---

[2] The Advisory Committee Notes to the 1944 adoption of this rule state that "[t]he law at present regards citations to statutes or regulations as not part of the indictment.  A conviction may be sustained on the basis of a statute or regulation other than that cited.  The provision of the rule, in view of the many statutes and regulations, is for the benefit of the defendant and is not intended to cause a dismissal of the indictment, but simply to provide a means by which he can be

The charges against Mr. Dixon meet this requirement with respect to the offenses alleged, including bribery under 18 U.S.C. §201(b)(2). Mr. Dixon's challenge raises the question of whether his alleged violations of duty, which constitute an element of bribery, require additional particularity or statutory citation than is currently offered in the superseding indictment. I conclude that they do not.

The superseding indictment describes the content of regulations and orders defining contraband and restricting its introduction. In these descriptions, the superseding indictment cites 18 U.S.C. §1791(a)(1) and 28 C.F.R. §500.1(h), and it provides examples of prohibited materials.[3] The superseding indictment also lists overt acts involving the exchange of contraband for sexual acts, such as paragraphs

---

properly informed without danger to the prosecution." (Citations omitted).

[3] Count one, paragraph 3.a. states that "Title 18, United States Code, section 1791(a)(1), which prohibited the provision of contraband to an inmate in prison, which included a federal correctional facility such as FCI in Tallahassee. Contraband included marijuana, alcoholic beverages, United States currency, or any other object that threatened the order, discipline or security of a prison." Paragraph 3.c. states that "[r]egulations and orders issued by the Bureau of Prison[s] under the authority of the Warden of FCI Tallahassee included . . . ii. The introduction of contraband into or upon the grounds of any federal penal or correctional institution, or taking or attempting to take therefrom, anything whatsoever without the Warden's knowledge and consent, was prohibited. Pursuant to 28 Code of Federal Regulations § 500.1(h) and BOP Rules and Regulations, contraband was defined to include, but was not limited to, money, food, messages, alcoholic beverages, and items not obtained from the commissary." The superseding indictment similarly describes other rules restricting inappropriate involvement with inmates and requiring the reporting of violations generally, which do not cite a particular rule or regulation.

*Page 4 of 9*

46-47 with respect to Mr. Dixon. The language charging bribery and conspiracy to commit bribery correctly tracks the standard elements of each offense. These descriptions and citations are sufficient.

Moreover, some courts have considered whether any further citation is needed where the elements of the offense charged include some other statutory offense. According to one commentator:

> If a statute makes it an offense to do a certain act 'contrary to law,' it is not enough to simply cite that statute and to allege that the act was done contrary to law. The pleading must show what other law was violated, either by citation or by a sufficient statement of facts.

WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 3D §124 at 549 (1999). A number of cases have addressed this question. *Compare Babb v. United States*, 218 F.2d 538, 541 (5th Cir. 1955) (holding that where offense was transporting cattle contrary to law, "indictment should have alleged some fact or facts showing that cattle in question were imported or brought in contrary to some law"), *with Leary v. United States*, 544 F.2d 1266, 1270 (5th Cir. 1977) (holding that a charge of per se unlawful importation of marijuana, where defendant was indicted for importing "contrary to law," was sufficiently informative to defense such that failure to dismiss indictment did not cause error); *see also Applebaum v. United States*, 164 F.2d 974, 974-75 (5th Cir. 1947) (holding that a factually

detailed description of the act that the bribe was intended to induce, apparently without citation beyond the bribery statute, was sufficient).  The charges against Mr. Dixon, which provide examples of the types of the illicit contraband the defendants are charged with introducing, are sufficient under the reasoning of *Leary* and *Applebaum*.

   Mr. Dixon argues that the cited statute and regulation, without references to more specific orders and regulations, inadequately define "contraband."  Mr. Dixon cites *United States v. Park*, 521 F.2d 1381, 1383-85 (9th Cir. 1975), which dealt specifically with 18 U.S.C. §1791 and found that the statute, by itself, was only a delegation of authority to establish contraband restrictions and did not alone create an offense related to contraband.  In that case the court found, however, that the statute had been constitutionally implemented by written notice provided to visitors of inmates.  For at least five reasons, *Park* does not help Mr. Dixon here.  First, the offense in *Park* was itself the introduction of contraband, whereas here the introduction of contraband is not the core offense but rather supports an element of a different offense, bribery.  Second, the court in *Park* held that the statute was not void for vagueness where it had been constitutionally implemented through notice to the alleged violator.  While evidence of such implementation might be required for a successful prosecution, I do not find that such notice must

*Page 6 of 9*

be included in the indictment here. Third, 18 U.S.C. §1791 has been substantially revised since *Park* was decided in 1975 such that the current statute offers more particularity.[4] Fourth, the regulation cited by the indictment also offers more particularity than the enabling regulation cited by the *Park* court.[5] Fifth, other

---

[4] The language of 18 U.S.C. §1791, as quoted by the *Park* decision in 1975, read as follows: "Whoever contrary to any rule or regulation promulgated by the attorney general, introduces or attempts to introduce into or upon the grounds of any federal penal or correctional institution or takes or attempts to take or send therefore anything whatsoever, shall be imprisoned not more than ten years." *Park*, 521 U.S. at 1383.

The current version of 18 U.S.C. §1791(a) statute reads:
   "(a) Offense. – Whoever –
      (1) in violation of a statute or a rule or order issued under a statute, provides to an inmate of a prison a prohibited object, or attempts to do so; or
      (2) being an inmate of a prison, makes, possesses, or obtains, or attempts to make or obtain, a prohibited object;
   shall be punished as provided in subsection (b) of this section."
Section 1791(d) then provides a definition of "prohibited object" with five subheadings, the last of which includes in the definition "any other object that threatens the order, discipline, or security of a prison, or the life, health, or safety of an individual."

[5] The *Park* court considered the enabling regulation of 18 U.S.C. §1791, which was 28 C.F.R. §6.1. It read: "Traffic in contraband articles in federal penal and correctional institutions. . . . Consent of warden or superintendent required. The introduction or attempt to introduce into or upon the grounds of any Federal penal or correctional institution or the taking or attempt to take or send therefrom anything whatsoever without the knowledge and consent of the warden or superintendent of such Federal penal or correctional institution is prohibited." *Park*, 521 U.S. at 1383.

   The indictment charging Mr. Dixon cites 28 C.F.R. §500.1(h), which states that "[c]ontraband is material prohibited by law, or by regulation, or material

*Case No: 4:06cr36 RH/WCS*

courts that decided a similar issue during the same era as *Park* likewise emphasized that §1791, by itself, was not void for vagueness.[6]  For these reasons, *Park* does not affect my conclusion that the superseding indictment meets the requirements of Rule 7(c)(1).

Mr. Dixon also argues that the statutory and regulatory scheme described above embodies an unlawful delegation of legislative powers by failing to establish sufficient guidelines to the wardens of correctional institutions.  I conclude that the guidelines are specific and the delegation is lawful.[7]

In the alternative to his motion for dismissal, Mr. Dixon moves for a bill of particulars.  Under Rule 7(f), "the court may direct the government to file a bill of

---

which can reasonably be expected to cause physical injury or adversely affect the security, safety, or good order of the institution."

[6] *See, e.g.*, *United States v. Chatman*, 538 F.2d 567, 568-69 (4th Cir. 1976) ("Pragmatically speaking, it would be virtually impossible for a single statute to catalogue the numerous items which must be prohibited in the interest of prison safety and security. Accordingly, we hold that s 1791 is not unduly vague or overbroad when viewed in the context of the highly distinctive prison milieu."), *United States v. Berrigan*, 482 F.2d 171, 183 (3rd Cir. 1973).  The court in *Berrigan*, like that in *Park*, reviewed evidence that the alleged violator was aware of how the statute had been implemented.  In Mr. Dixon's case, the government has offered Mr. Dixon's signed receipt acknowledging his knowledge of regulations defining contraband.

[7] Similar conclusions have been reached by courts considering §1791 in its earlier forms.  *See Carter v. United States*, 333 F.2d 354, 355-56 (10th Cir. 1954), *United States v. White*, 295 F. Supp. 893, 893-94 (N.D.Ga. 1968).

particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits." Mr. Dixon's motion comes outside the 10 day period but would be denied on the merits anyway. "The function of a bill of particulars is to provide defendant with information about the details of the charge against him or her if this is necessary to the preparation of the defense, and to avoid prejudicial surprise at the trial." WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 3D §129 at 650 (1999). It seems unlikely that Mr. Dixon needs further information concerning what constitutes contraband, and under what authority. Moreover, the government presumably has provided to Mr. Dixon, or on request is obligated to provide, copies of any unpublished rules or orders that the government intends to introduce during its case in chief or that are otherwise material to preparing the defense. Fed. R. Crim. P. 16(a)(1)(E). Thus if, for example, the government intends to introduce an order of the warden defining contraband, it is discoverable. And if, for example, there is any basis for disputing whether some item does or does not constitute contraband, then orders defining contraband are discoverable as material to preparing the defense, even if the government does not intend to introduce them. A bill of particulars is not a substitute for discovery. *See, e.g., United States v. Roberts*, 174 Fed.Appx. 475, 477 (11th Cir. 2006) (unpublished) ("A bill of particulars is not

required where the information sought has already been provided by other sources, such as the indictment and discovery") (citing *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990)).

For these reasons,

IT IS ORDERED:

Defendant Gregory Dixon's motion to dismiss or alternatively for a bill of particulars (document 123) is DENIED.

SO ORDERED this 17th day of October, 2006.

                                         s/Robert L. Hinkle
                                         Chief United States District Judge